# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. MCDONALD,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>JP MORGAN CHASE BANK N.A., et al,<br><br>　　　　　　　　　Defendant. | CASE NO. 12cv860-MMA (BGS)<br><br>**ORDER GRANTING DEFENDANT CAPITAL ONE, N.A.'s MOTION TO DISMISS**<br><br>[Doc. No. 5] |

　　　On January 9, 2012, Plaintiff James R. McDonald, proceeding *pro se*, filed suit against Defendants JP Morgan Chase Bank, N.A., Capital One, N.A., and Quality Loan Service Corporation, in San Diego County Superior Court alleging various causes of action arising out of proceedings to foreclose upon real property located in Santee, California. Defendant Capital One timely removed the action to federal court on April 6, 2012, and now moves to dismiss Plaintiff's claims.[1] *See* Doc. Nos. 1, 5. Plaintiff filed an opposition to the motion, to which Capital One replied. *See* Doc. Nos. 6, 8. For the reasons set forth below, the Court **GRANTS** Capital One's motion.

///

---

[1] On February 17, 2012, Defendant Quality Loan Service Corporation filed a Declaration of Non-Monetary Status, to which no party objected. Defendants who file a declaration of non-monetary status to which plaintiffs do not object are merely nominal parties. *Silva v. Wells Fargo Bank N.A.*, 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011). In addition,.Plaintiff voluntarily dismissed Defendant JP Morgan Chase Bank, N.A. on April 30, 2012. *See* Doc. No. 7.

- 1 -　　　　　　　　　　　　　　　　　　　　　　　　　　12cv860

## PLAINTIFF'S CLAIMS

This action arises out of events surrounding the foreclosure proceedings against Plaintiff's real property located at 1704 Bellamont Pass, Unit 36, Santee, California, 92071 ("the subject property"). Plaintiff alleges that on or about November 27, 2007, he entered into a mortgage loan agreement with non-party B.F. Saul Mortgage Company to purchase the subject property. Based thereon, Plaintiff executed a six month Adjustable Rate Note promising to pay the sum of $335,289.00. On or about September 12, 2011, an unknown employee of nominal Defendant Quality Loan Service Corporation executed on behalf of the alleged Beneficiary a Notice of Default stating that the payments were due to former Defendant JP Morgan Chase Bank, N.A. Based on this limited recitation of relevant facts, Plaintiff claims further that:

> [T]he NOTE was invalid and unenforceable due to the intentional and willful violations including but not limited to: provisions contained in the Truth In Lending Act 15 U.S.C. §§ 1601, 1640 etc. *et seq.*; Regulation Z 1 226 etc. *et seq.* by failing and/or refusing to provide plaintiff with two copies of the "Notice to Cancel" ; California Civil Code § 2924b etc. *et seq.*, California Civil Code §§§ 2924b(a), 2924b(d), 2924b(e) by failing and/or refusing to mail the Notice of Default within ten business days to Plaintiffs, by failing and/or refusing to post and mail the Notice of Default; by failing and/or refusing to mail Plaintiffs the Notice of Default within one month pursuant to California Civil Code § 2924b; by failing and/or refusing to properly set the sale date pursuant to California Civil Code § 29241b; by failing and/or refusing to publish the Notice of Sale twenty days prior to the date set for sale pursuant to California Civil Code § 2924f(b); by failing and/or refusing to record the Notice of Sale pursuant to California Civil Code § 2924g(d).

*See Complaint* ¶ 18. Plaintiff asserts eight causes of action against all named Defendants, including Capital One, for: (1) violation of Section 1611 of the Truth in Lending Act, codified at 15 U.S. C. § 1601 *et seq.* ("TILA"); (2) violation of Section 2605 of the Real Estate Settlement Procedures Act, codified 26 U.S.C. § 2601 *et seq.* ("RESPA"); (3) violation of the Home Ownership and Equity Protection Act of 1994, codified at 15 U.S.C. § 1602 ("HOEPA").; (4) violation of the Fair Debt Collections Practices Act, codified at 15 U.S.C. § 1692 *et seq.* (the "FDCPA"); (5) breach of fiduciary duty; ( 6) breach of covenant of good faith and fair dealing; (7) fraud; and (8) violation of California Civil Code Section § 2923.6.

## LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). A party may move to dismiss a complaint for

1 "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  A complaint
2 survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on
3 its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court reviews the contents of
4 the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in
5 favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).
6 Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true.
7 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, it is improper for a court to assume "the
8 [plaintiff] can prove facts that [it] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal.*
9 *State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Accordingly, a reviewing court may begin
10 "by identifying pleadings that, because they are no more than conclusions, are not entitled to the
11 assumption of truth." *Ashcroft*, 556 U.S. at 679.

12 "When there are well-pleaded factual allegations, a court should assume their veracity and
13 then determine whether they plausibly give rise to an entitlement to relief." *Id.*  A claim has "facial
14 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
15 inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.  "The plausibility
16 standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a
17 defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are 'merely consistent
18 with' a defendant's liability, it 'stops short of the line between possibility and plausibility of
19 entitlement to relief.'" *Id.,* citing *Twombly*, 550 U.S. at 557.  Leave to amend should be granted
20 unless the pleading could not possibly be cured by the allegation of other facts. *Knappenberger v.*
21 *City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

22 Where a Plaintiff appears *pro se* in a civil rights case, the Court must construe the pleadings
23 liberally and afford the plaintiff any benefit of the doubt. *Karim-Panachi v. Los Angeles Police*
24 *Dep't*, 839 F.2d 621, 623 (9th Cir. 1998).  Additionally, the Court must give a *pro se* litigant leave to
25 amend his complaint "unless it determines that the pleadings could not possibly be cured by the
26 allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation
27 omitted), citing *Noll. v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987).
28 ///

## DISCUSSION

Defendant Capital One moves to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a).  Although Plaintiff opposes the motion, Plaintiff fails to address the deficiencies raised in Capital One's motion to dismiss.  Rather, Plaintiff's opposition merely recites the legal standards governing motions to dismiss and concludes, with no supporting argument, that his allegations are sufficient to state a claim.

**A.     Rule 8(a)**

As a preliminary matter, Plaintiff's claims against Capital One fail to satisfy the notice pleading standard set forth in Federal Rule of Civil Procedure 8(a).  As Capital One correctly points out, Plaintiff's complaint mentions Capital One only twice.  At the outset of the complaint, Plaintiff identifies Capital One "as the investor." *See Complaint* ¶ 2.  Thereafter, the complaint refers to Capital One once more, alleging that Capital One acted with other defendants to record a defective Assignment of Deed of Trust, assigning the beneficial interest in the Deed of Trust to Capital One. *Id.* ¶ 80; Ex. B.

Plaintiff has not met the pleading standard required by Rule 8 because he fails to provide sufficient factual information to support any of his eight claims against Capital One.  Indeed, Plaintiff has utilized a form complaint without properly tailoring the claims to the facts of this case.  The result is a complaint which primarily lists legal conclusions.  Although the federal rules allow for a flexible pleading policy, particularly with regard to a plaintiff appearing *pro se*, a complaint must still provide fair notice of the claims and must allege enough facts to state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Iqbal*, 129 S.Ct. at 1949, quoting *Twombly*, 550 U.S. at 555, 557.

Accordingly, Plaintiff's claims against Capital One are subject to dismissal pursuant to Federal Rule of Civil Procedure 8(a).

**B.     Rule 12(b)(6)**

*1.     TILA Claim*

Plaintiff's first cause of action alleges that Defendants violated TILA by refusing to "validate or otherwise make a full accounting of required disclosures as to the true finance charges and fees," improperly retaining funds belonging to Plaintiff, and failing to disclose the status of the ownership of the loans. *Complaint* ¶ 21. Plaintiff alleges that these TILA violations entitle him to rescission, damages, attorneys fees, and punitive damages.

Capital One argues that Plaintiff's TILA claim fails because he invokes 15 U.S.C. § 1611, which is a criminal provision with no private right of action; the claim is time-barred; and Plaintiff's allegations do not state a claim. Capital One is correct that TILA section 1611 is a criminal provision, which does not provide a private right of action. Nevertheless, since Plaintiff is *pro se*, the Court must construe the pleadings liberally and afford Plaintiff any benefit of the doubt. *Karim-Panachi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1998). As such, the Court will assume that Plaintiff intended to invoke TILA's civil provisions.

TILA "requires creditors . . . to provide borrowers with clear and accurate disclosures of [the] terms [of their loan, including] . . . finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998), citing 15 U.S.C. §§ 1631, 1632, 1635, 1638. If a lender fails to satisfy TILA's disclosure requirements, it is liable for "statutory and actual damages traceable to [its] failure to make the requisite disclosures." *Id.*, citing 15 U.S.C. § 1640(e). TILA claims seeking damages are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which "runs from the date of consummation of the transaction." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). Nevertheless, in certain circumstances the doctrine of equitable tolling may "suspend the limitations period." *Id*. However, when a plaintiff fails to allege any facts demonstrating that the alleged TILA violations could not have been discovered by due diligence during the statutory period, equitable tolling should not be applied. *See Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

TILA rescission claims "expire three years after the date of the consummation of the transaction or upon the sale of the property, whichever comes first . . . " 15 U.S.C. § 1635(f). In contrast to a TILA damages claim, the three-year statute of limitations for TILA rescission claims is not subject to equitable tolling. *See Beach*, at 412 (stating that "§ 1635(f) completely extinguishes

the right of rescission at the end of the 3-year period," even if a lender failed to make the required disclosures).

Here, Plaintiff's TILA claim is based on a loan transaction that closed in November 2007, but Plaintiff did not file his complaint until January 2012, well over three years later. Furthermore, Plaintiff's rescission claim is not subject to equitable tolling and Plaintiff has not alleged sufficient facts to find equitable tolling of his TILA damages claim. As such, Plaintiff's TILA claims are time-barred. Even if Plaintiff's claims were not time-barred, his allegations fail to state a claim for violation of TILA against Capital One because Plaintiff does not allege what required disclosures Capital One failed to provide, whether Capital One was required to provide them, or what funds were improperly retained and by which Defendant. Finally, Plaintiff seeks to rescind the loan, but does not allege tender or an ability to tender the total debt owed. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003) (affirming dismissal where the plaintiff admitted they could not fulfil TILA's tender requirement). Accordingly, the Court finds that Plaintiff's TILA claims are time-barred and subject to dismissal for failure to state a claim.

  *2) RESPA Claim*

    I) Illegal Yield Spread Premiums

Plaintiff's second cause of action alleges that Defendants violated RESPA by placing loans "for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned." *Complaint* ¶ 28. Capital One argues Plaintiff's RESPA claim should be dismissed because it is time-barred and Plaintiff's allegations do not support a RESPA claim because he does not allege any facts related to the allegedly unlawful fees.

RESPA protects home buyers "from unnecessarily high settlement charges by certain abusive practices." 12 U.S.C. § 2601(a). It provides plaintiffs with a private right of action for payment of a kickback and unearned fees for real estate settlement services. *See* 12 U.S.C. § 2607(a), (b). "In considering whether a [yield spread premium ("YSP")] is legal or illegal, a court needs to ask whether goods or facilities were actually furnished or services were actually performed for the compensation paid and whether the payments were reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed." *Allan v.*

1   *GreenPoint Mortg. Funding*, 2011 U.S. Dist. LEXIS 30221, *7-8, 2011 WL 1045125 (N.D. Cal.
2   Mar. 21, 2011) (quoting *Bjustrom v. Trust One Mortg. Corp.*, 322 F.3d 1201, 1207 (9th Cir. 2003)
3   (internal quotations omitted). "If a YSP was paid for the foregoing reasons, then it is permissible
4   under RESPA." *Id*.

5         Claims brought under § 2607 are subject to a one-year statute of limitation. 12 U.S.C.
6   § 2614. "Thus, where a plaintiff alleges that a defendant charged unlawful yield spread fees, he or
7   she must initiate suit within one year of the alleged violation . . ." *Gomez v. Wells Fargo Home*
8   *Mortg.*, 2011 U.S. Dist. LEXIS 134092, *13-14, 2011 WL 5834949 (N.D. Cal. Nov. 21, 2011).
9   Typically, the date of the occurrence of the violation is the date on which the loan closed." *Ayala v.*
10  *World Sav. Bank*, *FSB*, 616 F. Supp. 2d 1007, 1020 (C.D. Cal. 2009) (quoting *Bloom v. Martin*, 865
11  F. Supp. 1377, 1386-87 (N.D. Cal. 1994), aff'd by, 77 F.3d 318 (9th Cir. 1996)).

12        Here, Plaintiff alleges the loan was consummated in November 2007. As such, Plaintiff's
13  claim is time-barred because he had until November 2008 to bring a claim under § 2607, but did not
14  do so until January 2012. Furthermore, even if the claim was not time-barred, Plaintiff's allegations
15  are void of any factual allegations with respect to the fees – Plaintiff does not specify the amount of
16  the fees in question, which Defendant obtained the fees, or why the fees were charged. In the
17  absence of such information, it is impossible to determine whether the allege fees were reasonable
18  under the circumstances.

19               ii)    Section 2605(b)

20        Plaintiff further alleges that Defendants violated RESPA § 2605(b) by transferring or
21  hypothecating the loan servicing duties without the required notice. *Complaint* ¶ 29. Capital One
22  argues that Plaintiff's Section 2605(b) claim is time-barred and Plaintiff fails to state a claim
23  because he does not claim to have suffered any actual damage from the alleged failure to notify him
24  that the servicing of his loan was transferred. More importantly, this violation is specifically alleged
25  by Plaintiff against former Defendant JP Morgan Chase and nominal Defendant Quality Loan
26  Service Corporation. Plaintiff does not allege this claims against Capital One.

27        Under RESPA, "[e]ach servicer of any federally related mortgage loan shall notify the
28  borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other

person." 12 U.S.C. § 2605(b)(1).  RESPA states that anyone who violates RESPA shall be liable for damages to an individual who brings an action under the section.  *See* 12 U.S.C. § 2605(f).  In order to survive a motion to dismiss a claim under section 2605, the plaintiff must allege actual harm.  *Pok v. Am. Home Mortg. Servicing, Inc.*, 2010 U.S. Dist. LEXIS 9016, *12, 2010 WL 476674 (E.D. Cal. Feb. 2, 2010).  This pleading requirement, however, is interpreted liberally.  *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, 2009 U.S. Dist. LEXIS 79094, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009).  Nonetheless, "simply having to file suit [does not suffice] as a harm warranting actual damages.  If such were the case, every RESPA suit would inherently have a claim for damages built in."  *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010).  The applicable statute of limitation for a violation of section 2605 is three years from the date of the alleged violation.  *Gomez*, 2011 U.S. Dist. LEXIS 134092, *13-14, 2011 WL 5834949 (N.D. Cal. Nov. 21, 2011).

Plaintiff's allegations are subject to dismissal as to Capital One.  Plaintiff does not allege any facts related to the alleged transfer of the servicing contract, including whether he was harmed by the alleged transfer of the servicing contract.  In the absence of actual harm, Plaintiff cannot state a claim for violation of section 2605(b) against any of the named Defendants.

*3)  HOEPA Claim*

Plaintiff's third cause of action alleges his "loan was placed in violation of HOEPA as it was placed and administered and otherwise utilized without regard to Plaintiff's income or cash flow and with the intention of inducing a default."  *Complaint* ¶ 35.  Plaintiff further alleges that he became aware of this violation "upon the discovery of Defendants' intent to wrongfully foreclose and sell his property."  *Id.* ¶ 36.  Capital One seeks dismissal of Plaintiff's HOEPA claim on the grounds that the claim is time-barred and Plaintiff's allegations do not support a HOEPA claim.

"HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA."  *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1179 (E.D. Cal. 2010) (citation and internal quotation marks omitted).  Therefore, claims for rescission are subject to the three-year statute of limitations and claims for damages are subject to the one-year statute of limitations.  In order to be subject to the protections afforded by HOEPA, one of two

factors has to be established – either the annual percentage rate of the loan at consummation must exceed by more than ten percent the applicable yield on treasury securities, or the total points and fees payable by the consumer at or before closing has to be greater than eight percent of the total amount. *See* 15 U.S.C. § 1602(aa)(1) & (3); *see also Lynch v. RKS Mortg., Inc.*, 588 F. Supp. 2d 1254, 1260 (E.D. Cal. 2008). In addition, HOEPA expressly excludes "residential mortgage transactions." 15 U.S.C. § 1602(aa). Among other things, a residential mortgage transaction is for the purpose of "financ[ing] the acquisition or initial construction of such dwelling." *Id.* § 1602(w).

Plaintiff fails to allege sufficient facts to show his loan is protected by HOEPA. Furthermore, since the same statute of limitations applies to Plaintiff's HOEPA claim as his TILA claims, the claim is time-barred.

*4) FDCPA Claim*

Plaintiff's fourth cause of action for violation of the FDCPA alleges Defendants are "debt collectors" within the meaning of the FDCPA and Plaintiff requested validation of the debt and Defendants did not respond within the requirements of the Act. *Complaint* ¶¶ 39-40. Capital One argues that these allegations fail to state a claim because the FDCPA does not apply to collection on residential loans, Defendants are not debt collectors within the meaning of the FDCPA, and Plaintiff does not allege sufficient facts to state a claim.

The declared purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. To state a claim under the FDCPA, "a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Adesokan v. U.S. Bank, N.A.*, 2011 U.S. Dist. LEXIS 125591, 2011 WL 5341178, at *4 (E.D. Cal. Oct. 31, 2011).

The FDCPA defines "debt collector" as one who collects consumer debts owed to another. 15 U.S.C. § 1692(a)(6). The term does not include any person who collects any debt owed or due to the extent such activity concerns a debt which "was originated by such person" or "was not in

1  default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(ii), (iii). The
2  FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage
3  servicing company, or any assignee of the debt, so long as the debt was *not in default at the time it*
4  *was assigned.*" *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (quoting
5  *Perry v. Steward Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)) (emphasis added).
6     The Ninth Circuit has yet to determine if foreclosure proceedings constitute "debt collection"
7  within the ambit of the FDCPA, but most district courts within the circuit have found that they do
8  not. *See, e.g., Garfinkle v. JPMorgan Chase Bank*, 2011 U.S. Dist. LEXIS 81054, 2011 WL
9  3157157 (N.D. Cal. July 26, 2011) (collecting cases); *but see Wilson v. Draper & Goldberg PLLC*,
10  443 F.3d 373, 376-77 (4th Cir. 2006) (concluding that a plaintiff's "'debt' remained a 'debt' even
11  after foreclosure proceedings commenced" and the actions "surrounding the foreclosure proceedings
12  were attempts to collect that debt."); *Carter v. Deutsche Bank Nat. Trust Co.*, 2010 U.S. Dist.
13  LEXIS 44984, 2010 WL 1875718, at *1-2 (N.D. Cal. May 7, 2010) (discussing split in authority and
14  declining to dismiss plaintiff's FDCPA claim at the pleading stage). As such, Plaintiff's claim is
15  subject to dismissal.
16     *5) Breach of Fiduciary Duty*
17     Plaintiff's fifth cause of action for breach of fiduciary duty alleges that Defendants breached
18  their fiduciary duty because they "placed and negotiated loans without due care to the best interests
19  of Plaintiff(s) or for the protection of his rights." *Complaint* ¶ 47. Capital One argues that this claim
20  fails because Plaintiff does not allege sufficient facts to establish the existence of a fiduciary
21  relationship, a breach, or damage.
22     "A debt is not a trust and there is not a fiduciary relation between debtor and creditor as
23  such." *Downey v. Humphreys*, 227 P.2d 484, 490 (Cal. Ct. App. 1951). The same principle applies
24  "to the relationship between a bank and its loan customers." *Price v. Wells Fargo Bank*, 261 Cal.
25  Rptr. 735, 740 (Cal. Ct. App. 1989). "[A]bsent special circumstances … a loan transaction is at [*sic*]
26  arm's length and there is no fiduciary relationship between the borrower and lender." *Perlas v.*
27  *GMAC Mortgage, LLC*, 113 Cal. Rptr. 3d 790, 796 (Cal. Ct. App. 2010). Therefore, a lender does
28  not owe its borrowers a fiduciary duty. Without a fiduciary relationship, there can be no breach of

fiduciary duty. *Tina v. Countrywide Home Loans, Inc.*, 2008 U.S. Dist. LEXIS 88302, *11, 2008 WL 4790906 (S.D. Cal. Oct. 30, 2008). Accordingly, Plaintiff's claim for breach of fiduciary duty against Capital One is subject to dismissal.

*6) Breach of Covenant of Good Faith and Fair Dealing*

Plaintiff's sixth cause of action for breach of the covenant of good faith and fair dealing alleges that "there existed an implied covenant of good faith and fair dealing requiring Defendants, and each of them, to safeguard, protect, or otherwise care for the assets and rights of Plaintiff(s)." *Complaint* ¶ 51. Plaintiff further alleges that Defendants breached the implied covenant by commencing foreclosure proceedings against Plaintiff's property "without the production of documents demonstrating the lawful rights for the foreclosure." *Id.* ¶ 52. Capital One argues that this claim fails because Plaintiff does not allege any contractual provision with which Capital One failed to comply.

The covenant of good faith and fair dealing arises between parties to a contract. *See Price*, 261 Cal. Rptr. At 741; Rest.2d Contracts § 205 ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."). The implied covenant, however, "does not impose any affirmative duty of moderation in the enforcement of legal rights." *Id.* at 742. Furthermore, California law is clear that a lender is not obligated to ensure the borrower's financial ability to repay the loan or otherwise safeguard a borrower's assets. *Perlas*, 113 Cal. Rptr. 3d at 796.

Here, when Plaintiff defaulted on his loan obligations, Defendants had a legal right to foreclose on the property. Accordingly, no Defendant, including Capital One, can be held liable for breach the implied covenant of good faith and fair dealing for merely exercising the legal right to foreclose. Furthermore, Plaintiff cannot allege that he fully performed his obligations under the loan because he does not deny that he defaulted on the loan. Therefore, Plaintiff fails to state a claim for breach of the covenant of good faith and fair dealing.

*7) Fraud*

Plaintiff's fraud claim is clearly alleged only against former Defendant JP Morgan Chase and nominal Defendant Quality Loan Service Corporation. Plaintiff does not implicate Capital One in

his fraud allegations and as such, fails to state a claim for fraud against Capital One. In addition, the Court notes that Plaintiff's fraud claim is likely time-barred. *See* Cal. Civ. Proc. Code § 338(d) (three-year statute of limitations for fraud claims).

*8) California Civil Code § 2923.6*

Plaintiff's eighth cause of action is for violation of California Civil Code § 2923.6. Plaintiff alleges that he is willing, able and ready to modify her loan and that the statute "requires servicers to accept loan modifications with borrowers." *Complaint* ¶ 69. Capital One argues that this claim fails because section 2923.6 does not require any action on the part of lenders and does not create a private right of action for borrowers.

Section 2923.6 expresses the intent of the California Legislature for "the mortgagee, beneficiary, or authorized agent to offer the borrower a loan modification . . . if such a modification . . . is consistent with its contractual or other authority." Cal. Civ. Code § 2923.6 (2010). "This section confers no substantive rights on borrowers, but simply expresses the legislative hope that lenders will offer loan modifications." *Gutierrez v. PNC Mortg.*, 2012 U.S. Dist. LEXIS 41890, 2012 WL 1033063 (S.D. Cal. Mar. 26, 2012) (citing *Connors v. Home Loan Corp.*, No. 08cv1134, 2009 U.S. Dist. LEXIS 48638, 2009 WL 1615989, at *8 (S.D. Cal. June 9, 2009)). To require lenders to perform loan modifications would "run afoul of federal law." *Marbry v. Superior Court*, 110 Cal. Rptr. 3d 201, 223 (Cal. Ct. App. 2010). Therefore, Plaintiff's allegation that Defendants were required to modify his loan is incorrect as a matter of law. Accordingly, Plaintiff's claim fails.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Capital One's motion and **DISMISSES** all claims against Capital One. Dismissal is with prejudice, as amendment would be futile as to any of Plaintiff's claims against Capital One. The Clerk of Court is instructed to enter judgment in favor of Capital One and terminate the case.

**IT IS SO ORDERED**.

DATED: May 15, 2012

Hon. Michael M. Anello
United States District Judge